UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PRIMERICA LIFE INSURANCE COMPANY               CIVIL ACTION

VERSUS                                          NO: 17-9698

JEANINE M. WHITE, ET AL.                        SECTION: "J"(3)

## ORDER AND REASONS

Before the Court is a *Motion to Recover Attorney's Fees and Costs* **(Rec. Doc. 39)** filed by Primerica Life Insurance Company ("Primerica Life"). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL HISTORY

This litigation derives from a dispute concerning payment of an individual term life insurance policy, Policy Number 0431956639 ("the Policy"), issued by Primerica Life to Paul H. Hankins, Sr. in the amount of $100,000 prior to his death on September 13, 2016. **(See R. Doc. 39-2, at 2-3)**. On September 27, 2017, Primerica Life filed the instant interpleader action against defendants, Jeanine M. White, Debbie Curtis, Anisha Hankins, Jennae Hankins, Paul Hankins, Paula Hankins, Samuel Hankins, Vernon Hankins, and Cole White. **(R. Doc. 1)**.

After issue was joined, this Court granted Primerica Life's motion to be dismissed from the action and have Jeanine M. White substituted as plaintiff-in-interpleader. **(R. Doc. 37)**. This Court further ordered that Primerica Life deposit check number 00966374, in the amount of $90,180.69, into the registry of the court. **(R. Doc. 37)**. Additionally, this Court

ordered that Primerica Life "shall file a motion to tax attorney's fees and costs incurred by Primerica Life in connection with the prosecution of its Complaint for Interpleader, said fees and costs to be paid out of the Policy proceeds deposited into the registry of the court." **(R. Doc. 37)**.

On April 5, 2018, Primerica Life filed the instant *Motion to Recover Attorney's Fees and Costs* **(Rec. Doc. 39)** asking this Court to enter an order awarding Primerica Life attorney's fees in the amount of $5,835.60 and costs in the amount of $1,390.91, to be deducted from the Policy proceeds that Primerica Life previously deposited into the registry of the court. **(R. Doc. 39, at 2)**. Defendants, Paula Hankins, Debbie Curtis, Vernon Hankins, and Samuel Hankins ("the Defendants") filed an opposition. **(R. Doc. 40)**.

## **PARTIES' ARGUMENTS**

Primerica Life argues that it is entitled to recover from the Policy proceeds deposited into the registry of the court attorney's fees in the amount of $5,835.60 and costs in the amount of $1,390.91 for two reasons. **(R. Doc. 39-2, at 1)**. First, Primerica Life argues it is entitled to the requested relief because it filed the instant interpleader action as a disinterested stakeholder after attempting to have the Defendants resolve the dispute without court intervention. **(R. Doc. 39-2, at 4)**. Second, Primerica Life asserts that the amount of attorney's fees requested is reasonable under the lodestar method. **(R. Doc. 39-2, at 5)**.

Defendants argue that Primerica Life's motion should be denied for two reasons. **(R. Doc. 40)**. First, Defendants assert that no contract or Louisiana statute supports an award of attorney's fees and costs in this action. **(R. Doc. 40, at 2)**. Second, Defendants argue that the simplicity of the case does not support an award of attorney's fees. **(R. Doc. 40, at 2)**. Specifically, Defendants note that Primerica Life has not performed any unique services for

the claimants or the court, the claimants have not improperly protracted the proceedings, and the attorney's fees and costs are an unrecoverable cost of doing business. **(R. Doc. 40, at 2-5)**. Additionally, Defendants allege that although the amount of attorney's fees and costs incurred by Primerica Life "are generally reasonable and modest," allowing Primerica Life to recover these amounts from the Policy proceeds would result in a windfall reimbursement to Primerica Life and significantly deplete the "relatively modest $90,180.69" that will potentially be divided among nine claimants. **(R. Doc. 40, at 5-7)**.

In the alternative, Defendants request that this Court order that Primerica Life and Defendants each pay one-half of the requested attorney's fees and costs. **(R. Doc. 40, at 8)**.

## **DISCUSSION**

The issues before the Court are (1) whether Primerica Life is entitled to recover attorney's fees and costs from the Policy proceeds, and (2) whether the amount of attorney's fees claimed by Primerica Life is reasonable.

## **I.**

The award of attorney's fees in an interpleader action is in the discretion of the district court, and fees are available when the interpleader is a disinterested stakeholder and is not in substantial controversy with one of the claimants. *Rhoades v. Casey*, 196 F.3d 592, 603 (5th Cir. 1999). "[C]osts and attorney's fees are generally awarded by federal courts to the plaintiff who initiates the interpleader as a mere stakeholder." *Perkins State Bank v. Connolly*, 632 F.2d 1306, 1311 (5th Cir. 1980). To qualify as a "mere stakeholder," a plaintiff must properly investigate the competing claims against the Policy proceeds and determine that it may be subject to multiple liability, admit liability in the amount of the Policy proceeds, deposit the Policy proceeds into the registry of the court, and have no pending

claims against it by any of the defendant claimants. *Reassure Am. Life Ins. Co. v. Cilano*, No. CIV.A 09-192-DLD, 2010 WL 1385409, at *3 (M.D. La. Mar. 31, 2010).

In determining whether to award attorney's fees to an interpleader-plaintiff, courts consider "(1) whether the case is simple; (2) whether the interpleader-plaintiff performed any unique services for the claimants or the court; (3) whether the interpleader-plaintiff acted in good faith and with diligence; (4) whether the services rendered benefitted the interpleader-plaintiff; and (5) whether the claimants improperly protracted the proceedings." *Royal Indem. Co. v. Bates*, 307 Fed. App'x 801, 806 (5th Cir.1999).

Here, Primerica Life is not in substantial controversy with any of the claimants. **(*See* R. Doc. 39-2, at 5)**. It filed the instant interpleader action as a disinterested stakeholder to resolve the dispute among the defendants. **(R. Doc. 39-2, at 5)**. Primerica Life subsequently admitted liability in the amount of the Policy limits, deposited the Policy proceeds into the registry of the court, and secured its dismissal from the action. **(R. Doc. 39-2, at 5)**. No defendant in the instant action has a claim against Primerica Life. **(R. Doc. 39-2, at 5)**. Thus, Primerica Life is a mere stakeholder.

Regarding the five factors described above, there is no evidence in the record that Primerica Life performed any unique services or that the Defendants improperly protracted the proceedings. Both parties agree that the instant interpleader action was "straightforward." **(*See* R. Docs. 39-2, at 6 and 40, at 2)**. Defendants assert that the services rendered benefitted Primerica Life because they are a normal cost of doing business. **(*See* R. Doc. 40, at 4)**. However, Defendants concede that Primerica Life acted in good faith and with diligence. **(*See* R. Doc. 40, at 3)**.

Based on the foregoing, this Court has discretion to award Primerica Life reasonable attorney's fees and costs.

## II.

The United States Court of Appeals for the Fifth Circuit uses a two-step analysis to calculate fee awards. *Hernandez v. U.S. Customs & Border Prot. Agency*, No. 10–4602, 2012 WL 398328, at *13 (E.D.La. Feb. 7, 2012) (Barbier, J.). In the first step, the Court must calculate the "lodestar," which is accomplished "by multiplying the number of hours reasonably expended in the case by the prevailing hourly rate for legal services in the district." *Id*. (internal citations omitted).

In determining the number of hours billed for purposes of calculating the lodestar, the Court must "determine whether the requested hours expended by ... counsel were reasonable in light of the facts of the case and the work performed. The burden of proving the reasonableness of the hours expended is on the fee applicant." *Hernandez*, 2012 WL 398328, at *13 (internal citations omitted). The Court must also determine whether the records show that Plaintiff's counsel "exercised billing judgment" and "should exclude all time billed for work that is excessive, duplicative, or inadequately documented." *Id*. at *14 (internal citations omitted).

In determining the hourly rates for purposes of calculating the lodestar, the Court must determine a reasonable rate for each attorney "at the prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Id*. (internal citations omitted). The burden is on the fee applicant to submit "satisfactory evidence that the requested rate is aligned with prevailing market rates." *Id*. (internal citations omitted).

Next, "the second step allows the Court to make downward adjustments, or in rare cases, upward adjustments, to the lodestar amount based upon consideration of the twelve *Johnson* factors." *Id*. The twelve *Johnson* factors are the following:

1) the time and labor required

2) the novelty and difficulty of the questions

3) the skill requisite to perform the legal service properly

4) the preclusion of other employment by the attorney due to acceptance of the case

5) the customary fee

6) whether the fee is fixed or contingent

7) time limitations imposed by the client or the circumstances

8) the amount involved and the results obtained

9) the experience, reputation, and ability of the attorneys

10) the "undesirability" of the case

11) the nature and length of the professional relationship with the client

12) awards in similar cases

*Johnson v. Ga. Highway Exp. Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974), abrogated on other grounds, *Blanchard v. Bergeron*, 489 U.S. 87 (1989).

Courts apply "a strong presumption that [the lodestar] figure is reasonable." *Hernandez*, 2012 WL 398328, at *16. Nevertheless,

> [T]he Court must still consider the twelve Johnson factors.... Though the Court need not be "meticulously detailed" in its analysis, it must nonetheless articulate and clearly apply the twelve factors to determine how each affects the lodestar amount. The Court should give special consideration to the time and labor involved, the customary fee, the amount involved and the results obtained, and the experience, reputation, and ability of counsel.... However, to the extent that a factor has been previously considered in the calculation of the benchmark lodestar amount, a court should not make further adjustments on that basis.

*Id.* (internal citations omitted). If a Court determines that a request for attorney's fees is unreasonable, "the Court will use its discretion to calculate a reasonable fee." *Unum Life Ins. Co. of Am. v. Tautenhahn*, No. CIV.A. 1:09-00063, 2010 WL 3703793, at *2 (W.D. La. Sept. 13, 2010).

In *Amica Life Insurance Company v. White*, the court deemed the $9,203.00 requested in attorney's fees in a "simple interpleader matter" to be unreasonable, and it awarded only $2,774.50. No. CIV.A. 10-067-JJB-CN, 2010 WL 2682394, at *3 (M.D. La. July 2, 2010).[1] However, the court emphasized that the plaintiff in that case failed to provide defendants with the Policy Endorsement prior to initiating the interpleader. *Id*. In *First Colony Insurance Company v. Kreppein*, the court denied impleader's request for attorney's fees and costs totaling $22,108.36, and it awarded only $10,789.66. No. CIVA 05-6849, 2007 WL 1832133, at *2 (E.D. La. June 25, 2007).

Here, Primerica Life seeks attorney's fees in the amount of $5,835.60 and costs in the amount of $1,390.91 (totaling $7,226.51) proposed to be deducted from the Policy proceeds totaling $90,180.69 that Primerica Life deposited into the registry of this court. **(*See* R. Doc. 39, at 2)**. Primerica Life asserts that Richard E. McCormack performed most of the work on this case. **(R. Doc. 39-2, at 6)**. Primerica Life seeks attorney's fees for 34.5 hours billed by Mr. McCormack between June 16, 2017, and February 23, 2018. **(*See* R. Doc. 39-4)**. Mr. McCormack billed at a rate of $200.00 for 28.9 hours and at a rate of $240.00 for 5.6 hours. **(*See* R. Doc. 39-4)**. Additionally, Primerica Life seeks attorney's fees for 2.7 hours billed by Kelly Juneau Rookard and 0.6 hours billed by Edward W. Trapolin. **(*See* R. Doc. 39-4)**. Ms. Rookard and Mr. Trapolin billed at a rate of between $200.00 and $240.00 per hour. **(*See* R.

---

[1] Noting that the 24.7 hours billed by the primary attorney was "an overly inflated amount that does not properly reflect the simplicity of this issue." Amica Life Ins. Co. v. White, No. CIV.A. 10-067-JJB-CN, 2010 WL 2682394, at *3 (M.D. La. July 2, 2010).

**Doc. 39-4)**. Primerica Life provides no details regarding the experience, reputation, or ability of counsel. Primerica Life also provides no evidence that the requested rate is aligned with prevailing market rates.[2] Nevertheless, in *Who Dat Yat Chat, LLC v. Who Dat, Inc.*, the court concluded that $325 per hour for an attorney with 28 years' experience, $250 per hour for an attorney with 16 years' experience, $200 per hour for attorneys with 10 and 9 years' experience respectively, and $175 per hour for attorneys with 4 and 3 years' experience respectively were reasonable. *See Who Dat Yat Chat, LLC v. Who Dat, Inc.*, 838 F. Supp. 2d 516, 520 (E.D. La. 2012).

The time and expense details of the invoices to Primerica Life reflect that the fees incurred by counsel for Primerica Life were spent reviewing Defendants' claims against the life insurance benefit, drafting the complaint and other pleadings, ensuring service was effected, and corresponding with counsel for Defendants on various issues. **(R. Doc. 39-2, at 6)**. Upon review of the invoices, it does not appear that there are any duplicative or excessive entries. **(*See* R. Doc. 39-4)**. Both parties acknowledge that the instant interpleader action was "straightforward." **(*See* R. Docs. 39-2, at 6 and 40, at 2)**. However, Defendants concede that the attorney's fees and costs incurred by Primerica "are generally reasonable and modest" and "[t]heir attorneys are skilled, professional, and reasonable." **(*See* R. Doc. 40, at 5)**.

Based on the records before this Court and awards in similar cases, this Court finds it is appropriate for Primerica Life to recover attorney's fees and costs in an amount totaling $7,226.51.

## CONCLUSION

Accordingly,

---

[2] Primerica Life states that "[t]his rate is comparable to those charged by partners and associates in the legal community." **(*See* R. Doc. 39-2, at 6)**.

**IT IS ORDERED** that Primerica Life's *Motion to Recover Attorney's Fees and Costs* **(Rec. Doc. 39)** is hereby **GRANTED** and Primerica Life is awarded attorney's fees in the amount of $5,835.60 and costs in the amount of $1,390.91, to be deducted from the Policy proceeds that Primerica Life previously deposited into the registry of the court.

New Orleans, Louisiana this 18th day of September, 2018.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE